# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4799 | **DATE** | 9/17/2004 |
| **CASE TITLE** | USA vs. Brenda Szeja | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Statement as to Certificate of Appealability. Consequently this Court is or the view that a certificate of appealablity should be granted as to that issue (28 U.S.C. 2253(c)(3). Accordingly this Court's view is that no certificate of appealability should issue as to any of those other issues.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
 )
                Plaintiff, )
 )
v. ) No. 04 C 4799
 ) (03 CR 36)
BRENDA SZEJA, )
 )
                Defendant. )

## STATEMENT AS TO CERTIFICATE OF APPEALABILITY

Brenda Szeja Rossini ("Ms. Rossini"[1]) has filed a Notice of Appeal from this Court's denial of Ms. Rossini's pro se 28 U.S.C. §2255 ("Section 2255") motion (Ms. Rossini having earlier filed a direct appeal from her conviction and sentence that followed her entry of a guilty plea). This Court is therefore required to issue a certificate of appealability or to state the reasons why such a certificate should not issue (Fed. R. App. P. 22(b)).

As this Court's July 22, 2004 memorandum order has stated, Ms. Rossini's claim based upon Blakely v. Washington, 124 S.Ct. 2531 (2004) and upon our Court of Appeals' Booker decision applying Blakely (a decision now on review before the Supreme Court) can best be raised in conjunction with Ms. Rossini's direct appeal (see, e.g., United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999)). Consequently this Court is of the view

---

[1] Although defendant was indicted as Brenda Szeja (the name under which she had practiced law), she is now using her married name Brenda Rossini. This statement, like this Court's most recent memorandum opinions and orders, conforms to Ms. Rossini's now-preferred usage.

that a certificate of appealability should be granted as to that issue (28 U.S.C. §2253(c)(3)).

As to the other issues that Ms. Rossini now seeks to fit under the rubric of a Section 2255 motion, however, this Court's August 31, 2004 memorandum opinion and order (see attached photocopy) explains why none of those sets out a substantial showing of the denial of a constitutional right (see 28 U.S.C. §2253(c)(2)). Accordingly this Court's view is that no certificate of appealability should issue as to any of those other issues.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 17, 2004

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 4799 |
| | ) | (03 CR 36) |
| BRENDA SZEJA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Brenda Szeja Rossini ("Ms. Rossini"[1]) has earlier filed the latest of her efforts--this time a pro se 28 U.S.C. §2255 ("Section 2255") motion and supporting memorandum[2]--to stave off the consequences of the criminal conduct to which she pleaded guilty and on which she has begun to serve her 33-month prison sentence. As called for by the Order, the United States has timely filed its response to the portion of the issues raised in Ms. Rossini's motion that were not then excluded by the Order.[3]

---

[1] As this Court's July 22, 2004 memorandum order ("Order") reflected, defendant was indicted as Brenda Szeja but is now using her married name Brenda Rossini. As did the Order, the text of this memorandum order will continue to conform to that current usage.

[2] Ms. Rossini is a now-disbarred lawyer of substantial experience, so that the usual special solicitude with which pro se filings are scrutinized (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)) is not involved here.

[3] Order at 2-3 excepted from consideration, at this District Court level, any potential issues under Blakely v. Washington, 124 S.Ct. 2531 (2004), because such issues can best be directed to our Court of Appeals in connection with Ms. Rossini's pending direct appeal.

To begin with, the United States is correct in identifying the scope of any possible Section 2255 relief as being limited to "an error of law that is jurisdictional, constitutional or constitutes a fundamental defect which inherently results in a complete miscarriage of justice" (Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004), quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). And it is equally true that no evidentiary hearing is called for here, because the motion has not been "accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions" (Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002), quoting Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996)). But lest that latter requirement were to be addressed by a further filing from Ms. Rossini that included such an affidavit, this opinion will proceed to consider her contentions as though an affidavit had in fact been supplied.

First, Ms. Rossini's claim that this Court was guilty of an "arbitrary denial of a continuance" that somehow deprived her of the effective assistance of counsel is an egregious effort at revisionist history. On that score Government Mem. 4-5 reflects the bulk of the real facts accurately. It is necessary to add only that with the scheduled trial having been reset to September 22, 2003 because of one of Ms. Rossini's several

changes of counsel--a resetting that provided fully two months' lead time for preparation--still another proposed lawyer of Ms. Rossini's choice,[4] Thomas Huyck, Esq. came onto the scene at the last minute to explain that he had just been retained and to ask for more time so he could prepare himself for trial. No explanation was then offered for Ms. Rossini's having made such last minute arrangements (she had known all along of the firm September trial date, which had been extended to that time as an express accommodation to her).

Next Ms. Rossini alleges another deprivation of the effective assistance of counsel, this time because of a claimed conflict of interest on the part of her first attorney, Elliot Samuels, Esq. Ms. Rossini urges that attorney Samuels did not send to government counsel a copy of Ms. Rossini's proposed revisions to the government's draft plea agreement. Even leaving aside the government's persuasive showing that Ms. Rossini has not satisfied the first branch of the required inquiry under Strickland v. Washington, 466 U.S. 668 (1984), she clearly flunks Strickland's second requirement that she demonstrate resulting prejudice. Attorney Samuels exited the case on July 3, 2003, fully 80 days before the ultimately scheduled late September

---

[4] As the United States has pointed out accurately, all of Ms. Rossini's lawyers, including her proposed lawyer mentioned next in the text, were retained (or prospectively retained) counsel of her own choice.

3

trial date. There was more than ample time in the interim for Ms. Rossini and her new counsel to resolve any issues that stood in the way of a negotiated plea agreement--if, of course, both parties were so inclined.

Nothing if not consistent, Ms. Rossini next complains that attorney Samuels' replacement, Michael Cohen, Esq., also provided such ineffective assistance as to deprive her of her Sixth Amendment right to counsel. This time her second lawyer's claimed deficiencies related to matters that took place after Ms. Rossini had opted to plead guilty and before she was sentenced. Again the required prejudice prong of the Strickland analysis forecloses her claim, because this Court not only granted Ms. Rossini's motion to designate a third chosen lawyer, Jeffrey Steinback, Esq., but it also granted a substantial extension of time to permit attorney Steinback to prepare for the sentencing hearing--a function that he discharged (as always) with professionalism and vigor.[5]

Ms. Rossini's penultimate set of contentions does not assert any claimed constitutional deprivation, so that Section 2255 can offer her no solace. But even apart from that factor, which is conclusive for purposes of the present motion, United States Mem. 8-11 has responded by showing that the arguments Ms. Rossini

---

[5] Among Ms. Rossini's multiple choices of counsel to represent her, attorney Steinback has alone escaped attack on grounds of asserted constitutional inadequacy.

4

advances are substantively unpersuasive in any event. This Court need not repeat the government's responses, but it simply adds that they would defeat this aspect of Ms. Rossini's motion even if (as is not the case) she could bring herself under the Section 2255 rubric for any of those matters.

Finally, Ms. Rossini's claims of prosecutorial misconduct are equally empty. This Court refers to United States Mem. 11-12 for the reasons that compel rejection of these aspects of her claim, reasons that this Court approves in their entirety.[6]

## Conclusion

In the language of Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Accordingly the summary dismissal of the motion is called for (id.), and this Court so orders.

Milton I. Shadur
Senior United States District Judge

Date: August 31, 2004

---

[6] This Court has earlier had occasion to comment on the groundlessness of Ms. Rossini's reckless attribution of purported misconduct on the part of Assistant United States Attorney John Kocoras for allegedly having obtained the entry of an order by his father, Chief Judge Charles Kocoras. That contention is patently false, Ms. Rossini had to know that, and it would appear to provide added grounds for disciplinary proceedings against her if she were not already disbarred.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 04 C 4799 |
| | ) | (03 CR 36) |
| BRENDA SZEJA, | ) | |
| Defendant. | ) | |

## STATEMENT AS TO CERTIFICATE OF APPEALABILITY

Brenda Szeja Rossini ("Ms. Rossini"[1]) has filed a Notice of Appeal from this Court's denial of Ms. Rossini's pro se 28 U.S.C. §2255 ("Section 2255") motion (Ms. Rossini having earlier filed a direct appeal from her conviction and sentence that followed her entry of a guilty plea). This Court is therefore required to issue a certificate of appealability or to state the reasons why such a certificate should not issue (Fed. R. App. P. 22(b)).

As this Court's July 22, 2004 memorandum order has stated, Ms. Rossini's claim based upon Blakely v. Washington, 124 S.Ct. 2531 (2004) and upon our Court of Appeals' Booker decision applying Blakely (a decision now on review before the Supreme Court) can best be raised in conjunction with Ms. Rossini's direct appeal (see, e.g., United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999)). Consequently this Court is of the view

---

[1] Although defendant was indicted as Brenda Szeja (the name under which she had practiced law), she is now using her married name Brenda Rossini. This statement, like this Court's most recent memorandum opinions and orders, conforms to Ms. Rossini's now-preferred usage.

that a certificate of appealability should be granted as to that issue (28 U.S.C. §2253(c)(3)).

As to the other issues that Ms. Rossini now seeks to fit under the rubric of a Section 2255 motion, however, this Court's August 31, 2004 memorandum opinion and order (see attached photocopy) explains why none of those sets out a substantial showing of the denial of a constitutional right (see 28 U.S.C. §2253(c)(2)). Accordingly this Court's view is that no certificate of appealability should issue as to any of those other issues.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 17, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRENDA SZEJA, )<br>)<br>Defendant. ) | No. 04 C 4799<br>(03 CR 36) |

MEMORANDUM OPINION AND ORDER

Brenda Szeja Rossini ("Ms. Rossini"[1]) has earlier filed the latest of her efforts--this time a pro se 28 U.S.C. §2255 ("Section 2255") motion and supporting memorandum[2]--to stave off the consequences of the criminal conduct to which she pleaded guilty and on which she has begun to serve her 33-month prison sentence. As called for by the Order, the United States has timely filed its response to the portion of the issues raised in Ms. Rossini's motion that were not then excluded by the Order.[3]

---

[1] As this Court's July 22, 2004 memorandum order ("Order") reflected, defendant was indicted as Brenda Szeja but is now using her married name Brenda Rossini. As did the Order, the text of this memorandum order will continue to conform to that current usage.

[2] Ms. Rossini is a now-disbarred lawyer of substantial experience, so that the usual special solicitude with which pro se filings are scrutinized (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)) is not involved here.

[3] Order at 2-3 excepted from consideration, at this District Court level, any potential issues under Blakely v. Washington, 124 S.Ct. 2531 (2004), because such issues can best be directed to our Court of Appeals in connection with Ms. Rossini's pending direct appeal.

To begin with, the United States is correct in identifying the scope of any possible Section 2255 relief as being limited to "an error of law that is jurisdictional, constitutional or constitutes a fundamental defect which inherently results in a complete miscarriage of justice" (Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004), quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). And it is equally true that no evidentiary hearing is called for here, because the motion has not been "accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions" (Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002), quoting Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996)). But lest that latter requirement were to be addressed by a further filing from Ms. Rossini that included such an affidavit, this opinion will proceed to consider her contentions as though an affidavit had in fact been supplied.

First, Ms. Rossini's claim that this Court was guilty of an "arbitrary denial of a continuance" that somehow deprived her of the effective assistance of counsel is an egregious effort at revisionist history. On that score Government Mem. 4-5 reflects the bulk of the real facts accurately. It is necessary to add only that with the scheduled trial having been reset to September 22, 2003 because of one of Ms. Rossini's several

2

changes of counsel--a resetting that provided fully two months' lead time for preparation--still another proposed lawyer of Ms. Rossini's choice,[4] Thomas Huyck, Esq. came onto the scene at the last minute to explain that he had just been retained and to ask for more time so he could prepare himself for trial. No explanation was then offered for Ms. Rossini's having made such last minute arrangements (she had known all along of the firm September trial date, which had been extended to that time as an express accommodation to her).

Next Ms. Rossini alleges another deprivation of the effective assistance of counsel, this time because of a claimed conflict of interest on the part of her first attorney, Elliot Samuels, Esq. Ms. Rossini urges that attorney Samuels did not send to government counsel a copy of Ms. Rossini's proposed revisions to the government's draft plea agreement. Even leaving aside the government's persuasive showing that Ms. Rossini has not satisfied the first branch of the required inquiry under Strickland v. Washington, 466 U.S. 668 (1984), she clearly flunks Strickland's second requirement that she demonstrate resulting prejudice. Attorney Samuels exited the case on July 3, 2003, fully 80 days before the ultimately scheduled late September

---

[4] As the United States has pointed out accurately, all of Ms. Rossini's lawyers, including her proposed lawyer mentioned next in the text, were retained (or prospectively retained) counsel of her own choice.

trial date. There was more than ample time in the interim for Ms. Rossini and her new counsel to resolve any issues that stood in the way of a negotiated plea agreement--if, of course, both parties were so inclined.

Nothing if not consistent, Ms. Rossini next complains that attorney Samuels' replacement, Michael Cohen, Esq., also provided such ineffective assistance as to deprive her of her Sixth Amendment right to counsel. This time her second lawyer's claimed deficiencies related to matters that took place after Ms. Rossini had opted to plead guilty and before she was sentenced. Again the required prejudice prong of the Strickland analysis forecloses her claim, because this Court not only granted Ms. Rossini's motion to designate a third chosen lawyer, Jeffrey Steinback, Esq., but it also granted a substantial extension of time to permit attorney Steinback to prepare for the sentencing hearing--a function that he discharged (as always) with professionalism and vigor.[5]

Ms. Rossini's penultimate set of contentions does not assert any claimed constitutional deprivation, so that Section 2255 can offer her no solace. But even apart from that factor, which is conclusive for purposes of the present motion, United States Mem. 8-11 has responded by showing that the arguments Ms. Rossini

---

[5] Among Ms. Rossini's multiple choices of counsel to represent her, attorney Steinback has alone escaped attack on grounds of asserted constitutional inadequacy.

4

advances are substantively unpersuasive in any event. This Court need not repeat the government's responses, but it simply adds that they would defeat this aspect of Ms. Rossini's motion even if (as is not the case) she could bring herself under the Section 2255 rubric for any of those matters.

Finally, Ms. Rossini's claims of prosecutorial misconduct are equally empty. This Court refers to United States Mem. 11-12 for the reasons that compel rejection of these aspects of her claim, reasons that this Court approves in their entirety.[6]

## Conclusion

In the language of Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Accordingly the summary dismissal of the motion is called for (id.), and this Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 31, 2004

---

[6] This Court has earlier had occasion to comment on the groundlessness of Ms. Rossini's reckless attribution of purported misconduct on the part of Assistant United States Attorney John Kocoras for allegedly having obtained the entry of an order by his father, Chief Judge Charles Kocoras. That contention is patently false, Ms. Rossini had to know that, and it would appear to provide added grounds for disciplinary proceedings against her if she were not already disbarred.

5